UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JOANN L. FOGG-INMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:19-cv-00197-JAW |
| JEFFREY FISTER, DMD and PENOBSCOT COMMUNITY HEALTH CENTER, INC. | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO SUBSTITUTE PARTY**

On December 28, 2018, Joann Fogg-Inman, acting pro se, filed a complaint in the Penobscot County Superior Court for the state of Maine against Penobscot Community Dental Center and Dr. Jeffrey Fister, DDS, alleging that Dr. Fister committed malpractice and discriminated against her when he performed oral surgery on her on November 22, 2015. *Notice of Removal*, Attach. 2, *Compl.* (ECF No. 1); *State Ct. Record*, Attach. 2, *Docket Report* (ECF No. 8). On May 3, 2019, the Defendants removed the case from state to federal court on the ground that Dr. Fister and the Penobscot Community Health Center, Inc.[1] are employees of the Public Health Service and therefore are subject to the Federal Tort Claims Act. *Notice of Removal* at 2 (ECF No. 1). The United States explained its view that once the United States Attorney General certifies that a health center or employee named as a

---

[1] The United States affirmatively represented that, even though Ms. Fogg-Inman filed suit against Penobscot Community Dental Center, there is no such entity and that Penobscot Community Health Center, Inc. operates a dental center, which employed Dr. Fister. The United States therefore assumed that Ms. Fogg-Inman intended to name Penobscot Community Health Center, Inc. as the corporate defendant. *The United States of Am.'s Notice of Removal* at 1 n.1 (ECF No. 1).

defendant in a state court action was acting within the scope of his, her, or its employment, the United States' "deeming" action requires that the case be removed from state to federal court and the proceeding must be considered a tort action against the United States. *Id.* at 1-2.

After the United States removed the action to federal court, on May 6, 2019, the United States moved to substitute itself as the sole defendant in the case and separately moved to dismiss the complaint for failure to exhaust administrative remedies. *The United States of Am.'s Mot. to Substitute* (ECF No. 6); *The United States of Am.'s Mot. to Dismiss for Lack of Subject Matter Juris.* (ECF No. 7). The United States served the Plaintiff with copies of the motions on May 8, 2019. *Id.* at 6. Although her response was due by May 28, 2019, Ms. Fogg-Inman did not file a timely response to the United States' motions. *Id.* at 3.

On July 16, 2019, the Court issued an Order to Show Cause, directing Ms. Fogg-Inman to respond to the United States' motions within two weeks of the date of the order. *Order to Show Cause* (ECF No. 10). In addition, the Court stated that in her response, Ms. Fogg-Inman must show cause as to why her Complaint should not be dismissed for failure to prosecute her civil action. *Id.* at 2. Ms. Fogg-Inman's response was due by August 2, 2019. *Id.*

On July 29, 2019, Ms. Fogg-Inman filed a motion to extend the time within which to respond to the Court order. *Mot. to Extend Time* (ECF No. 11). In her filing, Ms. Fogg-Inman asked for a 90-day extension because she is having "a severe medical injury unrelated to this dental case." *Id.* at 1. On August 8, 2019, the Court granted

in part and denied in part Ms. Fogg-Inman's motion for extension of time and allowed her until October 8, 2019 to file a response. *Order on Mot. for Extension of Time* (ECF No. 14).

On October 8, 2019, Ms. Fogg-Inman filed a response but only to the motion to dismiss the complaint. *Resp. to Mot. to Dismiss for Lack of Juris.* (ECF No. 16). She wrote:

> I Joann Fogg-Inman . . . am asking you not to dismiss my case 1:19-cv-00197-JAW . . ..

*Id.* In her response, Ms. Fogg-Inman does not mention the motion to substitute party and, as she has failed to respond to the motion to substitute party, she has waived the right to object to the motion and the Court grants the motion to substitute party. Moreover, in reviewing the United States' motion to substitute party, the Court is well satisfied that the United States, not Penobscot Community Health Center, Inc. or Dr. Fister individually, is the proper Defendant to Ms. Fogg-Inman's Complaint.

The Court notes that the United States' motion to dismiss the Complaint is not yet ripe for decision because the United States has a right to reply to Ms. Fogg-Inman's response. Its reply is due on or before October 22, 2019.

The Court GRANTS *The United States of Am.'s Mot. to Substitute* (ECF No. 6) and the United States of America is hereby substituted for Jeffrey Fister, DMD and Penobscot Community Health Center, Inc.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2019