UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOANN L. FOGG-INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00197-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS**

A patient of a community health center brings a complaint against the United States of America for malpractice. Because she has not complied with the requirements of the Federal Tort Claims Act by submitting an administrative claim and receiving a denial or constructive denial before filing suit in federal court, the Court dismisses her complaint without prejudice to refile after she has done so.

**I.    BACKGROUND**

On December 28, 2018, Joann Fogg-Inman, acting pro se, filed a complaint in the Penobscot County Superior Court for the state of Maine against Penobscot Community Dental Center and Dr. Jeffrey Fister, DMD, alleging that Dr. Fister committed malpractice and discriminated against her when he performed oral surgery on her on November 22, 2015. *The United States of America's Notice of Removal*, Attach. 2, *Compl.* (ECF No. 1); *Aff. of Ashley E. Eiler, Assistant United States Att'y, Regarding State Ct. R.*, Attach. 1, *Docket R.* (ECF No. 8). On May 3, 2019, the Defendants removed the case from state to federal court on the ground that

Dr. Fister and the Penobscot Community Health Center, Inc.[1] are employees of the Public Health Service and therefore are subject to the Federal Tort Claims Act (FTCA). *The United States of America's Notice of Removal* at 2. The United States explained its view that once the United States Attorney General certifies that a health center or employee named as a defendant in a state court action was acting within the scope of his, her, or its employment, the United States' "deeming" action requires that the case be removed from state to federal court and the proceeding must be considered a tort action against the United States. *Id.* at 1-3.

After the United States removed the action to federal court, on May 6, 2019, the United States moved to substitute itself as the sole defendant in the case and moved to dismiss the complaint for failure to exhaust administrative remedies. *The United States of America's Mot. to Substitute* (ECF No. 6) (*Def.'s Mot. to Substitute*); *The United States of America's Mot. to Dismiss for Lack of Subject Matter Jurisdiction* (ECF No. 7) (*Def.'s Mot. to Dismiss*). The United States served Ms. Fogg-Inman with copies of the motions on May 6, 2019. *Def.'s Mot. to Substitute* at 10; *Def.'s Mot. to Dismiss* at 11.

On July 16, 2019, the Court issued an order to show cause, directing Ms. Fogg-Inman to respond to the United States' motions within two weeks of her receipt of the order. *Order to Show Cause* (ECF No. 10). In addition, the Court stated that in her

---

[1] The United States affirmatively represented that, even though Ms. Fogg-Inman filed suit against Penobscot Community Dental Center, there is no such entity and that Penobscot Community Health Center, Inc. operates a dental center, which employed Dr. Fister. The United States therefore assumed that Ms. Fogg-Inman intended to name Penobscot Community Health Center, Inc. as the corporate defendant. *The United States of America's Notice of Removal* at 1 n.1 (ECF No. 1).

response, Ms. Fogg-Inman must show cause as to why her complaint should not be dismissed for failure to prosecute her civil action. *Id.* at 2. Ms. Fogg-Inman's response was due by August 2, 2019. *Id.* On July 29, 2019, Ms. Fogg-Inman filed a motion to extend the time within which to respond to the Court order. *Mot. to Extend Time* (ECF No. 11). On August 2, 2019, the United States objected in part. *The United States of America's Resp. to Pl.'s Mot. for Extension* (ECF No. 13). On August 9, 2019, the Court granted Ms. Fogg-Inman a sixty-day extension to respond to both the motion to dismiss and motion to substitute. *Order on Mot. for Extension of Time* at 3 (ECF No. 14).

On October 8, 2019, Ms. Fogg-Inman filed a response to only the motion to dismiss the complaint. *Resp. to Mot. to Dismiss for Lack of Subject Matter Jurisdiction* (ECF No. 16). Per the Court's warning in its August 9, 2019, order, this was interpreted as a waiver of response to the motion to substitute party, and the Court granted that motion on October 10, 2019. *Order on Mot. to Substitute Party* (ECF No. 17). On October 15, 2019, the United States replied to Ms. Fogg-Inman's response, raising her failure to exhaust her administrative remedies before filing a claim under the FTCA. *Def. United States of America's Reply in Supp. of its Mot. to Dismiss for Lack of Subject Matter Jurisdiction* (ECF No. 18).

## II. PROCESS FOR FILING CLAIM UNDER FTCA

The FTCA is a law that allows some people (claimants) who claim to have been harmed by representatives of the United States to sue the United States in federal court for damages. *See* 28 U.S.C. § 2671 *et seq.* Federal courts may only hear cases

if they have subject matter jurisdiction. *See, e.g., Owen v. Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded"). The FTCA grants federal courts subject matter jurisdiction over a case if the person bringing the case has followed the requirements of the FTCA.

The FTCA requires that before a claimant can bring a claim in federal court, the claimant first needs to present her claim to the federal agency whose employee or employees allegedly harmed him or her, a process referred to as "administrative exhaustion." 28 U.S.C. § 2675; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). The claimant needs to present the claim to the agency within two years of the date when the claimant first knew of the cause and existence of her injury. 28 U.S.C. 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . .."); *Morales-Melecio v. United States (Dep't of Health and Human Servs.)*, 890 F.3d 361, 368 (1st Cir. 2018) ("In general, a tort claim under the FTCA accrues when a plaintiff is injured. . . . But, under the Supreme Court's 'discovery rule' exception for FTCA claims, the statute of limitations clock does not begin to run until the putative plaintiff knows of the factual basis of both his injury and its cause").

If a claimant does not fulfill these requirements before filing her lawsuit, the lawsuit must be dismissed. However, the fact that the lawsuit is dismissed does not necessarily mean that the claimant cannot try again by following the requirements of the FTCA and then filing another lawsuit in federal court so long as the lawsuit is filed within the applicable statute of limitations.

## III. ANALYSIS

The United States says that the United States Department of Health and Human Services "has no record of [Ms. Fogg-Inman] or anyone acting on her behalf ever having submitted a claim involving [the Penobscot Community Health Center] or Dr. Fister," and that therefore, Ms. Fogg-Inman's complaint must be dismissed because the Court does not have subject matter jurisdiction. *Def.'s Mot. to Dismiss* at 2. Ms. Fogg-Inman has not demonstrated in any of her filings with the Court that she followed the requirements of the FTCA by filing a claim with the Department of Health and Human Services. Therefore, the United States is correct that Ms. Fogg-Inman's complaint must be dismissed. But the Court dismisses her Complaint without prejudice, which means that, so long as Ms. Fogg-Inman completes the requirements of the FTCA in a timely manner, she may refile her Complaint with this Court if she chooses to do so.

## IV. CONCLUSION

The Court GRANTS the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7) and DISMISSES Joann Fogg-Inman's

Complaint without prejudice.

    SO ORDERED.

                                        <u>/s/ John A. Woodcock, Jr.</u>
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2019